## SMITH ET AL. *v.* TAYLOR ET AL.

[No. 5,145. Filed December 6, 1904.]

1. TRUSTS.—*Deed.*—*Powers.*—*Payment of Debts.*—Where a person conveys real estate to a trustee for the purpose, *interalia,* of paying "all of the debts of such grantor as heretofore contracted by him" and upon the death of such grantor and his wife, "having paid all the debts and funeral expenses of said" grantor, to distribute the proceeds of such lands, such trust does not cover debts contracted by such grantor subsequent to the execution of such trust and its acceptance, the payment of "all debts" in the latter part being a recital and evidently referring to the debts mentioned in the first part of such deed. p. 197.

2. APPEAL AND ERROR.—*Judgments Within Jurisdiction of a Justice.*—*Trusts.*—An action to enforce a debt against a trustee to be paid out of trust property does not come within the jurisdiction of a justice of the peace, and is therefore appealable. p. 198.

From Huntington Circuit Court; *J. T. Cox,* Special Judge.

Action by Enos T. Taylor and others against Firman D. Smith and another. From a decree for plaintiffs, defendants appeal. *Reversed.*

*J. Q. Cline, G. M. Eberhart* and *Claude Cline,* for appellants.

*M. L. Spencer* and *W. A. Branyan,* for appellees.

ROBINSON, P. J.—Transferred from the Supreme Court under the act of March 12, 1901.  This was an action by appellees upon a note and to declare a trust.  On July 12, 1897, Nathan Smith and wife conveyed and warranted to appellants, as trustees, certain described lands, the conveyance reciting that it is made upon the express condition that the grantees shall take charge of the land and cultivate and manage the same for the benefit of the grantors, to provide their father, Nathan Smith, with a "comfortable living from the farm by furnishing him with suitable food and clothing and the best of nursing and medical treatment in case of sickness for and during his natural lifetime; and pay all taxes on the said land, and keep the same in a productive condition; the said trustees are also to pay all the debts of said Nathan Smith as heretofore contracted by him, and if it shall become necessary, and the rents and proceeds of said land are not sufficient to provide means to carry out the above conditions, and pay all debts as herein contemplated, then the said trustees shall execute a mortgage on said real estate to secure such means, or if they shall deem it best they may sell a portion of said real estate to procure the means to carry out this trust, and execute a deed for such part as they may sell.  The further conditions of this conveyance are that after the death of the said Nathan Smith the said trustees shall provide for and pay to his said wife, Mary J. Smith, the sum of $30 annually for each year she shall live after the death of her said husband, and such annual payments shall be a lien upon said real estate until paid, and the further conditions of this conveyance are that the said trustees, having fulfilled all the above conditions, and having paid all the debts and funeral expenses of said Nathan Smith, and

after the death of said Mary J. Smith, the said trustees shall sell and convey said real estate, or such part as remains unsold, and convert the same into cash, and shall then and there distribute the same" to the children of Nathan Smith in a manner designated, each of the trustees receiving an equal portion with the other children; that the trustees shall not be required to make an inventory or appraisement of the land, or give bond, but the estate shall be settled out of court. The deed was acknowledged on July 27, 1897, and recorded September 3, 1897. Appellees' complaint avers that on November 9, 1897, Nathan Smith and one A. D. White executed a note promising to pay appellees a certain sum one year after date; that the promise to pay was the several promise of Smith as well as jointly with White, and that White then was, and ever since has been, insolvent; that the note is due and unpaid. The execution of the deed of trust is averred, and that the trustees (appellants) accepted the trust, and proceeded to execute the provisions of the same up to the time of the death of Nathan Smith in March, 1898, he leaving no property to be administered; that the trustees provided for the payment of the annuity to the wife, and paid the funeral expenses "and other debts of the grantor, except the note herein mentioned, which upon 'request" by appellees, before the commencement of this suit, they refused and still refuse to pay; that since the death of the grantor the trustees, by agreement with the surviving wife, she joining therein, sold and conveyed the land for a named sum, cash, paid to the trustees; that after paying funeral expenses and all debts of grantor except the note in suit the balance was distributed to the beneficiaries named in the deed, with full knowledge that the note held by appellees was unpaid. It is further averred that appellants still held proceeds of the trust in excess of the amount due appellees on the note which they have converted to their own use, and which,

though requested, they refuse to apply on the note. The note and deed are made exhibits.

1. As the note was executed after the execution and recording of the deed, the sufficiency of the complaint against the demurrer depends upon the construction to be given the conditions in the deed. The acceptance of the trust by appellants required them to dispose of the estate in accordance with the provisions of the deed. They must answer for any loss resulting from a failure to follow the directions given them by the instrument of trust. When all the provisions in the deed concerning the payment of the grantor's debts are considered together, it can not be said that the deed requires the payment by the trustees of debts contracted by the grantor after the execution of the deed. The deed states specifically what the trustees shall do for the grantor during his life, and, after providing that they shall pay the taxes on the land and keep the same in a productive condition, they are required to pay all the grantor's debts "heretofore contracted by him," and, if the rents of the land are not sufficient to "carry out the above conditions and pay all debts as herein contemplated," the trustees may mortgage or sell a portion of the land to procure means to carry out their trust. The above provision is the only one in the deed directing the trustees to pay any debts of the grantor, and the debts to be paid are those heretofore contracted by him. It is true, mention is made in a subsequent part of the deed to "all the debts and funeral expenses" of the grantor, but it is made by way of recital in a condition requiring the trustees to convert the remaining part of the estate into cash and distribute it, and not made as a direction to the trustees to pay the debts. This subsequent provision that the trustees shall, having fulfilled the "above conditions and having paid all the debts and funeral expenses" of the grantor, convert the remaining estate into cash and distribute it, can not broaden the only

provision in the deed which expressly directs what debts of the grantor the trustees shall pay. The record of the deed was notice to everyone that the grantor had parted with all beneficial interest in the land except as expressly stipulated in the deed. There is nothing in the deed authorizing the grantor subsequently to charge the estate in a way that might result in the taking of the whole of the trust property, after the creation of the trust and its acceptance by the trustees. The demurrer to the complaint should have been sustained.

2. Appellees' motion to dismiss this appeal, on the ground that, when the judgment was rendered, the statute then in force did not authorize an appeal from judgments in civil cases within the jurisdiction of a justice of the peace, was postponed until final hearing. From what we have said on the merits of the case, it is clear that the case is not one within the jurisdiction of a justice of the peace. Motion overruled.

Judgment reversed.